United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10642
Conference Calendar

_____

JOEL LYNN SMITH,

Plaintiff-Appellant,

versus

DALLAS COUNTY; BILL HILL; JOHN KULL; TOM D'AMORE; BILL
STOVALL; TOM GRETT; TED SHOEMAKER,

Defendants-Appellees.

_____

JOEL LYNN SMITH,

Plaintiff-Appellant,

versus

CITY OF DALLAS POLICE DEPARTMENT; OFFICER NFN FRAZIER, City of
Dallas Police Officer, #7324; REUBEN RAMIREZ, Dallas Police
#7345; BYRON BOSTON, JR., City of Dallas Police #7395; CITY
MANAGER TED BENAVIDES,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CV-493
USDC No. 3:04-CV-527
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Joel Lynn Smith, proceeding pro se and in forma pauperis, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as barred by Heck v. Humphrey, 512 U.S. 477 (1994), and the statute of limitations.  Although he renews the allegations of his complaint, Smith does not challenge the district court's conclusion that his claims were barred by Heck or that his racial profiling claim was barred by the statute of limitations.

By failing to brief any argument challenging the district court's reasons for dismissal, Smith has abandoned the only grounds for appeal.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).  The appeal is wholly without arguable merit, is frivolous, and is therefore dismissed.  See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Smith is warned that future frivolous filings will invite the imposition of sanctions.

APPEAL DISMISSED; SANCTION WARNING ISSUED.